**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JERMAINE C. PATE,<br><br>Petitioner,[1]<br><br>v.<br><br>MISSOURI DEPT. OF CORR., et al.,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 4:26-CV-01267 HEA |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on self-represented petitioner Jermaine Pate's application for writ of habeas corpus under 28 U.S.C. § 2241. For the following reasons, the Court finds that petitioner's claim is not cognizable in a federal habeas corpus proceeding and will deny and dismiss the petition.

**Standard on Initial Review**

On initial review, the court may summarily dismiss a § 2241 petition without ordering a response if "it appears from the application [for a writ of habeas corpus] that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. For the reasons discussed below, summary dismissal is appropriate in this case.

**Factual and Procedural Background**

Petitioner Jermaine Pate, an inmate at Eastern Reception Diagnostic Correctional Center (ERDCC) in Bonne Terre, Missouri, alleges that the Missouri Department of Corrections failed to

[1] Although Petitioner styles this action as one brought pursuant to 42 U.S.C. § 1983, he asserts that time served for an expired state sentence was not properly credited toward his total time of imprisonment in the Missouri Department of Corrections. He seeks an order from this Court relative to proper jail time credit. Such matters are more properly brought pursuant to 28 U.S.C. § 2241 as they relate to the execution of petitioner's sentence.

give him jail time credit for time spent incarcerated on a vacated sentence. Specifically, petitioner argues that on February 24, 2020, Iron County Circuit Court dismissed his criminal conviction for receipt of stolen property, *see State v. Pate*, No. 11CF-CR00532-03 (42nd Jud. Cir., Iron County), and the Missouri Department of Corrections failed to apply jail time credit toward his current sentence. [ECF No. 1-1 at 1]. Petitioner filed an Informal Resolution Request (IRR) at ERDCC on March 9, 2026, seeking jail time credit toward his sentence. *See id*. On June 24, 2026, an IRR Response was filed, stating:

> Cause No. 11CF-CR00532-02 (Seq. 1) has been reviewed and was not dismissed. It will remain on the face sheet as an institution expired sentence. Cause No. 11CF-CR00532-03 was dismissed but was never placed on the face sheet. 'Additionally, time served on one sentence in the Missouri Department of Corrections cannot be given as credit towards another sentence BEFORE that sentence is imposed.'

[ECF No. 1-1 at 2].[2]

Petitioner was charged by information with committing the offense of receiving stolen property in June of 2011.[3] See *State v. Pate*, No. 11CF-CR00532-03 (42nd Jud. Cir., Iron County). Although petitioner was charged with the offense in 2011, he was not taken into custody until he was arrested on an unrelated offense on February 12, 2013, in Cuba, Missouri.[4]

On July 26, 2013, a jury found petitioner guilty on the charge of receipt of stolen property. On October 17, 2013, petitioner was sentenced to a term of seven years in the Missouri Department

---

[2] The Court is unable to access the state court record for *State v. Pate*, No. 11CF-CR00532-03 (42nd Jud. Cir., Iron County) on Missouri Case.net.

[3] Petitioner was charged in Iron County in a change of venue from Crawford County.

[4] After reviewing Missouri Case.net, the Court found that Petitioner was arrested in Cuba, Missouri, at his mother's home pursuant to a "wanted" alert from police officers in University City, Missouri. Petitioner was charged with robbery and armed criminal action in St. Louis County Circuit Court by criminal complaint on February 14, 2013. *See State v. Pate*, No. 13SL-CR01396 (21st Jud. Cir., St. Louis County). After being found guilty by a jury in May of 2014, petitioner was sentenced on July 2, 2014, to 13 years imprisonment in the Missouri Department of Corrections. *Id*.

of Corrections. *Id*. The appellate mandate affirming petitioner's conviction was issued on June 15, 2015. *State v. Pate*, No. SD 33086 (Mo.Ct.App. 2015).

On July 22, 2015, petitioner filed a timely pro se motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15. *See Pate v. State*, No. 15IR-CC0027 (42nd Jud. Cir., Iron County). The Missouri Public Defender's Office was appointed to represent petitioner in post-conviction proceedings on July 22, 2015, and public defender Cinda Eichler subsequently entered her appearance as counsel for petitioner. On October 19, 2015, counsel filed a timely amended motion to vacate under Rule 29.15, along with a motion to disqualify the assigned judge, Judge Kelly Parker. On October 21, 2015, the motion to disqualify was granted and Judge Edith Rutter was assigned to the matter. After full briefing on the action, petitioner's amended motion to vacate his conviction was sustained on March 21, 2016. Judge Rutter entered a 16-page judgment and ordered a new trial in petitioner's criminal action. *See id*. After seeking assignment of a new judge following Judge Rutter's retirement, prosecutor Kent Howald filed a motion to vacate the judgment on April 13, 2016. His motion requested that newly assigned Judge Randy Schuller amend Judge Rutter's March 21, 2016, judgment and deny relief.

On June 28, 2016, Judge Schuller granted prosecutor Kent Howald's motion to vacate the judgment. On August 1, 2016, Judge Schuller then entered a new judgment denying petitioner's amended Rule 29.15 motion. *See Pate v. State*, No. 15IR-CC0027 (42nd Jud. Cir., Iron County). Judge Schuller found that petitioner failed to show by a preponderance of the evidence that the performance of his trial counsel did not conform to that of a reasonably competent attorney under similar circumstances. Petitioner also failed to show that, but for the alleged deficiencies of his attorney, a reasonable probability existed that the outcome of the trial would have been different. *Id.* Petitioner appealed the denial of his post-conviction motion to the Missouri Court of Appeals

on September 19, 2016. *Pate v. State*, No. SD34672 (Mo.Ct.App. 2016). The Missouri Court of Appeals affirmed the denial of the post-conviction motion on December 4, 2017. *Id*.

On May 14, 2026, petitioner filed an application for writ of habeas corpus pursuant to Missouri Supreme Court Rule 91 asserting "unlawful imprisonment in violation of" Missouri Revised Statute § 558.031. *See Pate v. Adams*, No. 26SF-CC00114 (24th Jud. Cir., St. Francois County). In the petition for writ, petitioner alleged that on February 12, 2013, he was detained by the City of Cuba Police Department and transferred to the Crawford County Sheriff's Department that evening. He claimed that the next day, on February 13, 2013, he was transferred to the University City Police Department, and on February 14, 2013, he was transferred to St. Louis County Jail. Petitioner asserted that he was subject to imprisonment without a warrant for his arrest. The Missouri Supreme Court denied petitioner's request for relief on June 23, 2026. *Id*.

On February 2, 2026, petitioner filed a "Memorandum in Support of Motion for Credit for Time Served Pursuant to § 558.031" in *State v. Pate*, No. 13SL-CR01396-01 (21st Jud. Cir., St. Louis County).[5] In his motion, petitioner asserts that Crawford County[6] authorities assumed custody of him on or about October 15, 2013, via a writ of prosequendum in *State v. Pate*, No. 11CF-CR00532-02 (42nd Jud. Cir., Iron County). He alleges that the Iron County charge was vacated on February 24, 2020. Thus, he argues, the entire period he was incarcerated, from

---

[5] On December 18, 2020, and on January 6, 2021, petitioner filed motions seeking jail time credit, pursuant to Missouri Revised Statute § 558.031 in *State v. Pate*, No. 13SL-CR01396-01. On January 13, 2021, the Court denied petitioner's motions indicating that such a calculation was an administrative decision that was to be made by the Missouri Department of Corrections. Despite the Court's order, petitioner filed a petition for writ of habeas corpus ad subjiciendum on February 19, 2021, seeking a sentence reduction on the same basis. The Court denied petitioner's request on March 7, 2021. Between December 17, 2025, and February 2, 2026, petitioner filed 10 motions for sentence reduction in *State v. Pate*, No. 13SL-CR01396-01.

[6] It is unclear if petitioner is referring to Iron County authorities or Crawford County authorities, as by this time the venue in *State v. Pate*, No. 11CF-CR00532-02 (42nd Jud. Cir., Iron County) had been transferred to Iron County, Missouri.

February 13, 2013, through February 24, 2020, should be applied towards the St. Louis County charge (in *State v. Pate*, No. 13SL-CR01396-01) and subsequent conviction and imprisonment. Petitioner asserts that if this was done, he would be entitled to release from the MDOC on or about February 13, 2026. Petitioner's motion has not been scheduled for hearing.

**Discussion**

Petitioner Jermaine Pate, a Missouri state prisoner currently incarcerated at ERDCC, filed this application for writ pursuant to 28 U.S.C. § 2241 challenging the Missouri Department of Corrections' (MDOC) credit of jail time credits to his sentence under Missouri Revised Statute § 558.031. In his motion, petitioner states that he is entitled to jail time credit arising out of the MDOC's miscalculation of his sentences in his state court criminal cases. He seeks to have this time credited as time served.

Having carefully reviewed the petition and the underlying record, the Court concludes petitioner's claim is not cognizable in a federal habeas proceeding because it requires consideration of Missouri's jail time credit statutory provisions, Missouri Revised Statute § 538.031. *See Travis v. Lockhart*, 925 F.2d 1095, 1097 (8th Cir. 1991) (finding petitioner's claim for jail time credit under a state statute was "a matter of state concern and not a proper function of a federal court under its habeas corpus jurisdiction"); *Collar v. Minor*, No. 4:12-CV-602-TCM, 2015 WL 2145254, *4 (E.D. Mo. May 7, 2015) (finding petitioner's claim for jail time credit under Mo. Rev. Stat. § 558.031 not cognizable in a federal habeas proceeding). A federal court does not have jurisdiction to issue a writ of habeas corpus to a person in state custody unless the inmate "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The instant petition challenges how the MDOC calculates petitioner's jail time credit under Missouri Revised Statute § 558.031. As a result, petitioner's claim for relief is not cognizable, and the Court will summarily dismiss the petition.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's Applications to Proceed Without Prepaying Fees or Costs [ECF Nos. 3 and 5] are **GRANTED.**

**IT IS FURTHER ORDERED** that petitioner's motion for leave to supplement his petition [ECF No. 6] is **GRANTED.**

**IT IS FURTHER ORDERED** that petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DENIED AND DISMISSED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate Order of Dismissal will accompany this Opinion, Memorandum and Order.

Dated this 17th day of September, 2026.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE