**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JERMAINE C. PATE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:26-CV-01267 HEA |
| | ) | |
| MISSOURI DEPT. OF CORR., et al., | ) | |
| | ) | |
| Respondents. | ) | |

**OPINION, MEMORANDUM AND ORDER**

Before the Court are Petitioner Jermaine Pate's Motions for Reconsideration, to Vacate Sentence and to Alter or Amend Judgment. [ECF Nos. 11, 12 and 13]. After reviewing Petitioner's Motions for relief, the Court will deny his requests.

Petitioner Jermaine Pate, an inmate at Missouri Eastern Correctional Center (ERDCC) in Pacific, Missouri, filed the instant action alleging that the Missouri Department of Corrections failed to give him jail time credit for time spent incarcerated on a vacated sentence. Specifically, Petitioner argued that on February 24, 2020, Iron County Circuit Court dismissed his criminal conviction for receipt of stolen property, *see State v. Pate*, No. 11CF-CR00532-03 (42nd Jud. Cir., Iron County), and the Missouri Department of Corrections failed to apply jail time credit toward his current sentence. [ECF No. 1-1 at 1]. Although Petitioner styled this action as one brought pursuant to 42 U.S.C. § 1983, because he asserted that time served for an expired state sentence was not properly credited toward his total time of imprisonment in the Missouri Department of Corrections, and sought an order from this Court relative to proper jail time credit, the Court interpreted this action as one relating to the execution of Petitioner's sentence under 28 U.S.C. § 2241.

The Court reviewed Petitioner's application for writ on September 17, 2026, pursuant to Rule 4 of the Rules Governing Section 2254 and Section 2255 Proceedings. [ECF. No. 8]. After carefully reviewing the petition and the underlying record, the Court concluded Petitioner's claim was not cognizable in a federal habeas proceeding because it required consideration of Missouri's jail time credit statutory provisions under Missouri Revised Statute § 538.031. *See Travis v. Lockhart*, 925 F.2d 1095, 1097 (8th Cir. 1991) (finding petitioner's claim for jail time credit under a state statute was "a matter of state concern and not a proper function of a federal court under its habeas corpus jurisdiction"). As such, the application for writ was denied and dismissed. [ECF Nos. 8 and 9].

In his Motions for Reconsideration, to Vacate Sentence and to Alter or Amend Judgment, Petitioner appears to assert that this Court should allow him to amend his petition under 28 U.S.C. § 2241 to assert civil rights claims under 42 U.S.C. § 1983. Specifically, Petitioner asserts that because his petition was not on a Court-provided form,[1] he should be allowed to amend his petition to assert new claims under § 1983 for: (1) malicious prosecution; (2) unlawful imprisonment; (3) denial of procedural due process; (4) "deprivation of due process;" and (5) intentional infliction of emotional distress.[2] [ECF No. 12 at 1].

[1] In the Motion to Alter or Amend Judgment, Petitioner asserts that he should be allowed to amend his petition to place it on a Court-provided form. [ECF No. 13].

[2] In his Motion for Relief Pursuant to Rule 60(b), Petitioner asserts, "the complaint contains five (5) claims for relief not only false arrest which is ground two (2)." [ECF No. 11]. However, there is no claim for false arrest in the petition. [ECF No. 1]. In Petitioner's "Request for Relief" in the petition, it states, "Where, Plaintiff request [sic] relief for unlawful imprisonment/illegal incarceration." [ECF No. 1 at 2]. In Petitioner's Motion to Supplement his Complaint, *see* ECF No. 6, Petitioner states in a confusing manner, "Plaintiff request [sic] that the malicious prosecution claim be liberally construed as an unlawful imprisonment/illegal incarceration in which the statute of limitations has been tolled pursuant to the Discovery Rule (258 days spent in Mo. D.O.C.)." [ECF No. 6 at 2].

After filing his post-dismissal motions, Petitioner filed a Notice of Appeal on September 28, 2026. [ECF No. 14]. "The filing of a notice of appeal … confers jurisdiction on the court of appeals and divests the district court o[f] its control over those aspects of the case involved in the appeal." *Liddell v. Bd. of Educ.,* 73 F.3d 819, 822 (8th Cir. 1996) (quoting *Griggs v. Provident Consumer Disc. Co.,* 459 U.S. 56, 58 (1982)). But filing a notice of appeal does not prevent a district court from acting in furtherance of the appeal or prevent it from hearing motions on collateral matters to those at issue on appeal. *Mahone v. Ray*, 326 F.3d 1176, 1179 (11th Cir. 2003) (citations omitted). A district court retains jurisdiction to deny a motion for relief from a judgment or order brought under Rule 60(b), because a denial is in furtherance of the appeal. However, a district court lacks the ability to grant a Rule 60(b) motion. *Id*. at 1180; *Hunter v. Underwood*, 362 F.3d 468, 475 (8th Cir. 2004). When presented with a Rule 60(b) motion after a notice of appeal has been filed, the Eighth Circuit has explicitly instructed that a district court should consider the motion and assess its merits. *Hunter*, 362 F.3d at 475.

After reviewing the grounds raised by Petitioner in his motion for reconsideration, the Court will decline to reconsider, vacate, alter or amend the judgment of this Court. Petitioner's motion fails to point to any mistake, newly discovered evidence, fraud, or other reason justifying reconsideration of the Court's judgment. In the petition, *see* ECF No. 1 at 2, Petitioner sought review of his alleged "unlawful imprisonment/illegal incarceration." *Id*. He asserted that time served for an expired state sentence was not properly credited toward his total time of imprisonment in the Missouri Department of Corrections. *See id.* And according to the Informal Resolution Request attached to the petition,[3] Petitioner sought to apply the jail time spent towards his current DOC sentence under Missouri Revised Statute § 558.031. It appeared that the relief

---

[3] *See* Federal Rule of Civil Procedure 10(c), "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."

Petitioner was seeking in the petition was relief from his "unlawful imprisonment." Review of an execution of a sentence is appropriate under 28 U.S.C. § 2241. Nonetheless, Petitioner's claim is not cognizable in this proceeding. *See Collar v. Minor*, No. 4:12-CV-602-TCM, 2015 WL 2145254, *4 (E.D. Mo. May 7, 2015) (finding petitioner's claim for jail time credit under Mo. Rev. Stat. § 558.031 not cognizable in a federal habeas proceeding).

Petitioner is not entitled to reconsideration of the dismissal of his petition, nor is he entitled to amend his petition to bring claims under 42 U.S.C. § 1983. If Petitioner wishes to bring an action under 42 U.S.C. § 1983, he needs to file a new action in this Court.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motions for Reconsideration, to Vacate Sentence and to Alter or Amend Judgment. [ECF Nos. 11, 12 and 13] are **DENIED.**

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 28th day of September, 2026.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE