**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JERMAINE C. PATE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:26-CV-01267 HEA |
| | ) | |
| MISSOURI DEPT. OF CORR., et al., | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION, MEMORANDUM AND ORDER**

Before the Court is Petitioner Jermaine Pate's Motion for Leave to Proceed in Forma Pauperis on Appeal. [ECF No. 17]. The Motion will be denied for lack of good faith.

**Background**

Petitioner Jermaine Pate, an inmate at Missouri Eastern Correctional Center (MECC), in Pacific, Missouri, filed the instant action alleging that the Missouri Department of Corrections failed to give him jail time credit for time spent incarcerated on a vacated sentence. Specifically, Petitioner argued that on February 24, 2020, Iron County Circuit Court dismissed his criminal conviction for receipt of stolen property, *see State v. Pate*, No. 11CF-CR00532-03 (42nd Jud. Cir., Iron County), and the Missouri Department of Corrections failed to apply jail time credit toward his current sentence. [ECF No. 1-1 at 1]. Although Petitioner styled this action as one brought pursuant to 42 U.S.C. § 1983, because he asserted that time served for an expired state sentence was not properly credited toward his total time of imprisonment in the Missouri Department of Corrections, and sought an order from this Court relative to proper jail time

credit, the Court interpreted this action as one relating to the execution of Petitioner's sentence under 28 U.S.C. § 2241.

The Court reviewed Petitioner's application for writ on September 17, 2026, pursuant to Rule 4 of the Rules Governing Section 2254 and Section 2255 Proceedings. [ECF. No. 8]. After carefully reviewing the Petition and the underlying record, the Court concluded Petitioner's claim was not cognizable in a federal habeas proceeding because it required consideration of Missouri's jail time credit statutory provisions under Missouri Revised Statute § 538.031. *See Travis v. Lockhart*, 925 F.2d 1095, 1097 (8th Cir. 1991) (finding petitioner's claim for jail time credit under a state statute was "a matter of state concern and not a proper function of a federal court under its habeas corpus jurisdiction"). As such, the application for writ was denied and dismissed on September 17, 2026. [ECF Nos. 8 and 9]. At the time of dismissal, the Court declined to award a Certificate of Appealability. *See id.*

Petitioner filed a Motion for Reconsideration of the Dismissal on September 21, 2026. [ECF No. 11]. And he filed a Motion to Vacate the Judgment, as well as a Motion to Alter or Amend the Judgment on September 23, 2026, and September 25, 2026. [ECF Nos. 12 and 13]. The Court denied the Motions and declined to issue a Certificate of Appealability on September 28, 2026. [ECF No. 15]. Petitioner filed a Notice of Appeal on September 28, 2026. [ECF No. 14]. He indicates in the Notice of Appeal that the Court refused to properly file an Amended Complaint sent by Petitioner to the Court on August 20, 2026. *See id*.

**Discussion**

The Court has twice declined to award a Certificate of Appealability in this action. [ECF Nos. 8, 9 and 15]. Additionally, after reviewing Petitioner's Motions for Reconsideration, to Vacate Sentence and to Alter or Amend Judgment, Notice of Appeal, Motion for Leave to Proceed in Forma Pauperis on Appeal and attached briefing, this Court believes that there are no

justiciable issues currently ripe for appellate review. *See* Fed. R. App. P. 24(a)(1) (stating that a motion for leave to proceed in forma pauperis on appeal should "state[] the issues that the party intends to present on appeal").

Furthermore, 28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." As such, this Court certifies that this appeal is not taken in good faith. The instant Motion for Leave to Proceed in Forma Pauperis on Appeal will be denied. *See* Fed. R. App. P. 24(a)(3); *see also Coppedge v. United States*, 369 U.S. 438, 445 (1962).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Proceed in Forma Pauperis on Appeal [ECF No. 17] is **DENIED for lack of good faith**.

**IT IS FURTHER ORDERED** that no Certificate of Appealability shall issue.

Dated this 2nd day of October, 2026.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE